# JOHN NELSON

*v.*

# OLE M. OREN.

1. DEPENDENT AND INDEPENDENT COVENANTS — *construction of assignment of a lease.* An assignment of a lease was as follows: "In consideration of fifty dollars to me in hand paid, I hereby assign, transfer and set over to O. M. Oren, his heirs or assigns, all my right, title and interest to and in the within lease, and the term therein contained, with all the privileges and conditions that I have therein, and I do hereby agree to deliver up possession of the within premises to. said Oren on the 1st day of May, 1864." *Held,* that this was not one entire covenant conditioned for the delivery of possession on the day named, with a forfeiture of the fifty dollars, if it was not done, but the sum paid was the consideration for the unexpired term and the possession.

2. So for the time the assignee was kept out of possession after the day fixed, he could recover damages against his assignor, but he could not recover back the whole consideration paid, because the agreement to deliver possession on a certain day constituted only a part of that consideration.

3. Where a covenant goes only to part of the consideration on both sides, and a breach of such covenant may be paid for in damages, it is an independent covenant, and an action may be maintained for a breach of the covenant on the part of the defendant without averring performance in the declaration.

4. TENDER—*when it must be kept good.* A tender of money by a party who has broken his covenant, to avail him in an action brought for such breach, must be kept good by bringing the money into court.

APPEAL from the Recorder's Court of the City of Chicago; the Hon. EVERT VAN BUREN, Judge, presiding.

The opinion of the court contains a sufficient statement of the case.

Mr. JOHN LYLE KING, for the appellant.

Nelson assigned to Oren the unexpired term of a lease, as follows:

"In consideration of fifty dollars, to me in hand paid, I hereby assign, transfer and set over to O. M. Oren, his heirs or assigns, all my right, title and interest to and in the within lease, and the term therein contained, with all the privileges and conditions that I have therein, and I do hereby agree to deliver up possession of the within premises to said Oren on the first day of May, A. D. 1864. Witness my hand and seal this 21st of March, A. D., 1864."

On the 1st May, Nelson was unable to give possession, but, within four or five days, or a week of that time, tendered possession and key of the premises, and also the sum of eight dollars and thirty-three cents, as damages to Oren, both of which the latter refused to accept, and then, afterward, under a new lease, direct from the original lessor, Oren took possession of the premises. This suit was then commenced, and the damage alleged in the declaration is, that the premises were adapted to and hired by Oren for carrying on his business of boot and shoe making therein, and by reason of not getting the same on the 1st May, he was put to trouble and deprived of profits that would otherwise have accrued.

The court, on this state of facts, treated the assignment as one entire covenant conditioned for delivery of possession on the precise day, and the damages as liquidated. This was clearly erroneous in both respects. The assignment or transfer was one thing, and delivery of possession another. What was the consideration, $50, paid to Nelson for? Was it for the term *and* possession on first of May, or, was it alone, as treated by the court, for delivery of possession?

Nelson, on the 21st March, parted with his whole estate and interest in the land, and the same passed to, vested in and was completely acquired by Oren at that time. There was an absolute transfer of the term that was a present, substantial, legal, definite and valuable interest and property in Oren, and, in his hands, was assignable and liable to execution, and wholly independent of possession. The term was the substantial part of the consideration, with right of entry *in futuro*, at least it was a material part of the consideration. That being so, the agreement for possession cannot be regarded as a condition. Part of the consideration was already executed, and for breach of the agreement, as to possession, Oren had only his remedy to recover damages in not having received the whole consideration. But the court virtually held that delivery of possession on first of May was a condition precedent to Nelson's right to the $50 which was paid in great part or partly for the assignment of the term already vested, previously in March.

The rule really applicable to the case is the third one laid down by Serjeant Williams in his celebrated note to *Pordage* v. *Cole*, 1 Wms. Saunders 310, thus: "Where a covenant goes only to the part of the consideration on both sides, and a breach of such covenant may be paid for in damages, it is an independent covenant, and an action may be maintained for a breach of the covenant on the part of the defendant, without averring performance in the declaration."

The well known case of *Boon* v. *Eyre*, 1 H. Black. 273, note, is the leading one on this point, in which Lord Mansfeld laid down the law as above. As was remarked in *Fothergill* v. *Walton*, 8 Taunt. 576 (4 E. C. L. R. p. 210), — itself a

case in point,—the doctrine in *Boon* v. *Eyre* "has all the weight which some of the greatest names in Westminster hall can give it." See also *Campbell* v. *Jones*, 6 T. R. 570; *Kingston* v. *Preston*, Doug. 690; *Carpenter, assignee of Thomas Cresswell, a bankrupt*, v. *H. R. Cresswell*, 4 Bing. 409 (15 E. C. L. R. p. 22); 2 Parsons on Cont. (5th ed.) p. 528 and note (*r*) and cases there cited.

In this case, the covenant to deliver possession goes only to a part of the consideration; the breach of it may be paid for in damages and the remedy is by action.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was an action of covenant by the assignee of a lease against the assignor, brought in the Recorder's Court of the city of Chicago, and a judgment recovered against the assignor of fifty dollars and costs. To reverse this judgment, the cause is brought here by appeal.

The case was, that appellant had leased a lot in Chicago, of one Gillmore, for one year, from April 1, 1861, to April 1, 1862, with the privilege of four years extension on the terms and conditions stated in the lease. There was also a covenant not to assign the lease without the written assent of the lessor first had. On the 24th of March, 1864, the lessee, with the assent of the lessor, assigned the lease, in consideration of fifty dollars, to appellee, and agreed, in his writing of assignment, to deliver up the possession of the premises to appellee on the first day of May, 1864. It seems the premises were, at the time of the assignment of the lease, occupied by a barber. On the application and demand by appellee of appellant for possession, on the first day of May, he replied, "I can't give it, the barber is still there." The barber did not leave until five or six days after the first day of May. Prior to this time, appellee occupied premises rented of one Geist, at fifteen dollars per month, and after the first day of May, he continued the occupancy five or six days, for which he paid Geist five dollars.

Appellee, failing to get possession on the first of May, went to Gillmore, the owner, and made an arrangement by which

appellee. took the possession from Gillmore, he giving appellee a lease directly from himself, under which appellee went into possession. Gillmore got the key from appellant, after the barber left, and gave it to appellee, and he then took possession.

The day the barber moved out, appellant went to the shop where appellee, who is a shoemaker, was working, and told appellee the barber had moved out, and offered appellee the key of the premises, and told him he could now have the house. At the same time, he offered appellee eight dollars and thirty-three cents, both which appellee declined to receive, saying, he had demanded the delivery of the premises on the first of May, according to the contract, and it having been refused, he would not then accept it. Two or three days after this, appellee moved into the premises, and occupied them under this new lease from Gillmore. It was admitted the money was tendered in discharge of the damages sustained from the failure to give possession on the first of May.

The assignment by appellant to the appellee was as follows: "In consideration of fifty dollars to me in hand paid, I hereby assign, transfer and set over to O. M. Oren, his heirs or assigns, all my right, title and interest to and in the within lease, and the term therein contained, with all the privileges and conditions that I have therein, and I do hereby agree to deliver up possession of the within premises to said Oren on the first day of May, 1864. Witness," etc, March 21, 1864.

On the same day, Gillmore, the owner, indorsed his assent to the assignment on the lease, so that it is a fair presumption, the term had been extended four years from the first of April, 1862.

The first question is, what is the nature of this assignment, is it one entire covenant conditioned for the delivery of possession on the day named in it, with a forfeiture of fifty dollars, if it is not done?

It would seem the most reasonable interpretation of the language used, to hold, that fifty dollars was the consideration for the unexpired term and the possession. The language is, "in

consideration of fifty dollars I assign," etc., with an additional undertaking that he will deliver the possession on the first day of May.

An important part of the consideration was executed by the transfer of the term; the remaining part was not, and for that breach appellee had a right to recover damages. We do not consider that delivery of possession, under a fair construction of this covenant, was a condition precedent to the right of appellant to recover for the unexpired term. That would seem to be the most important part of the contract, and where a covenant goes only to part of the consideration on both sides, and a breach of such covenant may be paid for in damages, it is an independent covenant, and an action may be maintained for a breach of the covenant on the part of the defendant without averring performance in the declaration. This is a rule laid down by Lord MANSFIELD in the case of *Boon* v. *Eyre*, 1 Black. 273.

The case was, where A, by deed conveyed to B the equity of redemption of a plantation in the West Indias, together with the stock of negroes upon it, in consideration of five hundred pounds, and an annuity of one hundred and sixty pounds for life, and covenanted he had a good title to the plantation, was lawfully possessed of the negroes, and B should quietly enjoy, and B covenanted that if A well and truly performed all and every thing contained on his part to be performed, he would pay the annuity. In an action by A against B on this covenant, the breach assigned was, the non-payment of the annuity. The plea was that A was not at the time legally possessed of the negroes on the plantation, and so he had not a good title to convey. The Court of King's Bench, on a demurrer, held the plea to be ill, and added, that, if such plea were allowed, any one negro not being the property of A would defeat the action. The whole consideration of the covenant on the part of B, the purchaser, to pay the money, was the conveyance by A, the seller, to him of the equity of redemption of the plantation, *and also* the stock of negroes upon it. The excuse for non-payment of the money was that A had broken

his covenant as to part of the consideration, namely, the stock of negroes. But as it appeared that A had conveyed the equity of redemption to B, and so had in part executed his covenant, it would be unreasonable that B should keep the plantation, and yet refuse payment because A had not a good title to the negroes. Besides, the damages sustained by the parties would be unequal, if A's covenant was held to be a condition precedent, for A on the one side would lose the consideration money of the sale, but B's damage on the other hand, might consist perhaps in the loss of a few negroes.

This is the case before us. The whole consideration on the part of the appellee in paying this fifty dollars, was the assignment to him, of the unexpired term in these premises, and the delivery of possession by a specified day. It would be unreasonable then, as appellant had conveyed the term, that appellee should keep it and recover back the money he had paid, because appellant did not give him possession on the day. And the damages sustained by these parties would be unequal, if putting in possession was held to be a condition precedent, for the appellant on the one side, would lose the consideration money of the sale if this judgment stands, while appellee's damage consists in being kept out of possession a few days only. The covenant to put the appellee in possession was an independent covenant, the breach of which could be compensated in damages.

The court below considered it a condition precedent, hence the finding.

Whether the amount tendered as damages for the delay in delivering possession was ample or not, we are not informed by the testimony in the cause; nor if it was, could the appellant avail of it, as he has not kept the tender good by bringing the money into court. We are satisfied on reason and authority, that the measure of appellee's recovery was the value of the possession of the premises for the few days he was deprived of the possession, and not the amount he paid for the term, *and* the delivery of the possession.

The justice and law of the case is, we think, that, as the

appellant has broken but one of the covenants, he should only pay the damages occasioned by that breach.

The finding of the court, that these covenants were mutual and dependent, was erroneous. The judgment must be reversed and the cause remanded.

*Judgment reversed.*