## JAMES P. WESTBAY

### v.

## ROBERT E. Y. WILLIAMS.

1. STATEMENT.—A., D. and F., doing business as private bankers, assigned by contract all their banking interest to the Coles County Bank; the bank assuming to pay all the indebtedness of the firm of A., D. and F., and pay a balance agreed upon, and said firm at the same time giving bond to save the bank harmless from loss on bad notes, overdrafts, etc., assigned to it. The bank paid a greater part of the indebtedness assumed, and afterwards becoming insolvent, appellant was chosen its assignee in bankruptcy. Many of the notes and overdrafts assigned to the bank proved worthless, and appellant, as assignee, sought to enforce the liability on the bond aforesaid in the county court against the estate of F., deceased.

2. RIGHTS OF ASSIGNEE.—The assignee in bankruptcy succeeds to all the legal and equitable rights of the bankrupt, and if before bankruptcy this corporation was entitled to an allowance against the estate of F., the assignee is entitled to it now.

3. CONSTRUCTION OF THE BOND.—The bond was intended to secure the execution of the contract of assignment, and it makes no difference under what name the promise was made, the bank was legally and equitably entitled to the benefit of it.

4. APPELLANT'S RIGHTS NOT DEPENDENT UPON CONDITION.—In order to entitle appellant to an allowance, it is not necessary that he should show that all the indebtedness assumed by the bank had been paid. The undertaking in the bond was absolute, and the order of time in which the several acts of the parties were to be performed does not require payment of those debts as a condition precedent.

5. COUNTY COURT JURISDICTION.—The county court has both legal and equitable jurisdiction in the allowance of money demands, and can fully and completely adjust and settle the rights of the parties in this case.

6. FIRM DEBT—ALLOWANCE AGAINST SEPARATE ESTATE OF ONE MEMBER.—Where there is no joint fund, nor any surviving solvent partner, joint creditors may participate in the estate of the deceased partner equally with private creditors.

APPEAL from the Circuit Court of Coles county; the Hon. C. B. SMITH, Judge, presiding.   Opinion filed January 13, 1880.

Messrs. CRAIG & CRAIG for appellant.

Mr. A. M. PETERSON and Mr. JAMES A. CONNOLLY, for appellee; that the bond and contract constitute one instrument and

must be construed together, cited Davis v. McVickers, 11 Ill. 327; Stacy v. Randall, 17 Ill. 467; Canterberry v. Miller, 76 Ill. 355.

Primarily the administrator has nothing to do with the partnership business: Miller v. Jones, 39 Ill. 54.

Partnership assets survive to the surviving partner: Miller v. Jones, 39 Ill. 54.

Partnership debts must be first paid out of partnership assets: Moline Water Power Co. v. Webster, 26 Ill. 234; Pahlman's Ex'rs v. Graves, 26 Ill. 405.

Individual debts must first be paid out of individual assets: Moline Water Power Co. v. Webster, 26 Ill. 234.

A guaranty is not assignable: 2 Parsons on Contracts, 3.

If one party to a contract is released, all are released: Benjamin v. McConnell, 4 Gilm. 536.

Where a guaranty depends on a contingency, notice is necessary: Dickerson v. Derrickson, 39 Ill. 574; Whiting v. Stacy, 15 Gray, 270.

HIGBEE, J. This case originated in the County Court, where appellant presented for allowance a claim against the estate of Myron J. Ferguson, deceased.

From the order of the County Court an appeal was taken to the Circuit Court, where the court refused to allow the claim, and rendered a judgment against the claimant for costs, to reverse which he brings the record here by appeal.

It appears, from the evidence in the record, that on the fourth day of May, 1876, Melville B. Abell, Stephen D. Dole and Myron J. Ferguson were partners in the banking business, under the firm name of Abell, Dole & Ferguson; and on that day they sold to the Coles County Bank of Mattoon their said banking business, upon the terms and for the consideration set out in a written contract then executed, as follows:

"This contract and agreement made and entered into, this 4th day of May, A. D. 1876, by and between Abell, Dole & Ferguson, party of the first part, and the Coles County Bank of Mattoon of the second part: Witnesseth, that said Abell, Dole & Ferguson have this day paid said Coles County Bank of Mattoon eighteen thousand five hundred and ninety-five

52–100 dollars in currency and exchange and assigned notes and transferred accounts, overdrafts and other accounts and evidences of indebtedness to them, and have sold and transferred the furniture, fixtures and good-will of the banking business of Abell, Dole & Ferguson to the full amount of one hundred and twenty-nine thousand three hundred and ninety and 83–100 dollars. The said Abell, Dole & Ferguson hereby guarantee the payment of all overdrafts, notes, bills of exchange and all other indebtedness which exist to Abell, Dole & Ferguson to said Coles County Bank of Mattoon, with ten per cent. interest from this date until paid, and in case any part of the said notes, overdrafts, drafts, or other indebtedness of said Abell, Dole & Ferguson remain unpaid at the end of two years from this date, then said Abell, Dole & Ferguson agree to pay said remainder to said Coles County Bank of Mattoon, with ten per cent. interest from this date until paid, and the said Coles County Bank of Mattoon agrees in consideration of the money paid by the said Abell, Dole & Ferguson, and the transfer of their property, good-will and credits, etc., aforesaid; to pay off out of the money to be collected, and discharge the indebtedness of the banking firm of Abell, Dole & Ferguson, to the amount of one hundred and thirty-seven thousand six hundred and ninety-five dollars and seventy-eight cents, and the said Coles County Bank of Mattoon agrees to give said Abell, Dole & Ferguson credit on their books for the further sum of nine thousand two hundred and ninety dollars and fifty-seven cents.

Dated this 4th day of May, 1876.

MELVILLE B. ABELL,

S. D. AND J. C. DOLE,

MYRON J. FERGUSON,

Attest:          COLES COUNTY BANK OF MATTOON,

    GEORGE R. GIBSON,             By M. B. ABELL.

Cashier."

At the same time, and a part of the same transaction, Abell, Dole and Ferguson executed the following bond:

"Know all men by these presents that we, the undersigned, Melville B. Abell, Stephen D. Dole and Myron J. Ferguson,

are·held and firmly bound unto J. W. Doran, for the use and benefit of the stockholders in the association known as the Coles County Bank of Mattoon, and for the benefit of persons who may hereafter hold stock in said bank, whether it continues business under that or under any change of name either as a corporation or otherwise, in the penal sum of one hundred and thirty-seven thousand six hundred and ninety-five 78–100 dollars, which we bind ourselves, our heirs, executors, administrators and assigns to well and truly pay or cause to be paid to said J. W. Doran or his successor in trust, for the use aforesaid, as witness our hands and seals this 4th day of May, A. D. 1876. The condition of the above obligation is such that the undersigned have this day turned over, transferred and assigned to the Coles County Bank of Mattoon eighteen thousand five hundred and ninety-five dollars and fifty-two cents, currency and exchange and assigned notes, and transferred accounts and overdrafts, and other accounts and evidences of indebtedness, and sold and transferred the furniture, fixtures, and good will of the banking business of the undersigned to the full amount of one hundred and twenty-nine thousand three hundred and ninety and 83–100 dollars, and the said Abell, Dole and Ferguson the undersigned have guaranteed the payment of all said overdrafts, notes, bills of exchange and other indebtedness which exist to said undersigned to the Coles County Bank of Mattoon, with ten per cent. interest from this date until paid, and in case any part of said notes, overdrafts or other assets of Abell, Dole and Ferguson which have been so turned over to said Coles County Bank of Mattoon by the undersigned, remain unpaid at the end of two years from this date, then and in that case if the said undersigned will pay the same with ten per cent, interest up to the full value of said indebtedness, so transferred to the Coles County Bank of Mattoon, with ten per cent. interest, then this obligation to be void, otherwise to remain in full force and effect.

MELVILLE B. ABELL.     [SEAL]

S. D. & J. C. DOLE.     [SEAL]

Witness:                              MYRON J. FERGUSON.     [SEAL]

George R. Gibson, C."

At the time of the assignment Abell, Dole and Ferguson made and delivered to the bank a list of the notes referred to in the contract, and also delivered to it all other articles sold, according to the terms of the contract.  Abell, Dole and Ferguson were the owners of all the stock in the Coles County Bank of Mattoon, and became its directors and afterwards, changed the name of the bank to the Farmers' and Merchants' Bank of Mattoon.  Ferguson died on the 24th day of May, 1876, twenty days after the transfer.  After doing business for some time the bank suspended and made a voluntary assignment to Doran, Dole and Dunlap, and was soon after put into bankruptcy, and appellant appointed assignee.

At the time of the sale by Abell, Dole and Ferguson to the Coles County Bank of Mattoon, they were credited on the books of the bank with the sum of nine thousand, two hundred and ninety dollars and fifty-seven cents, as provided by the contract; and on the 24th day of May, 1876, the day of Ferguson's death, the books showed a credit to them of eight thousand five hundred dollars; and on the day the bank failed a still larger amount; but there is some doubt, from the evidence, whether these credits were based upon the actual indebtedness of the bank to the parties.

After the change of name to the Farmers' and Merchants' Bank, several other persons became stockholders in the corporation.

The bank paid all of the debts of Abell, Dole and Ferguson, according to the agreement, except seven or eight thousand dollars.  Of the drafts, overdrafts, notes, bills of exchange, and other indebtedness assigned and guaranteed by Abell, Dole and Ferguson to the bank, a large amount was never collected by the bank, and proved to be utterly worthless.  Now the appellant, as assignee in bankruptcy, seeks to enforce this guarantee against the estate of Ferguson, for the benefit of the creditors of the insolvent bank.

The assignee succeeds to all of the legal and equitable rights of the bankrupt corporation; and if it—the corporation—were entitled to this allowance before bankruptcy, then the assignee is entitled to it now.  Bump on Bankruptcy, 480.

By the contract, Abell, Dole and Ferguson undertook to pay the assigned indebtedness to the bank remaining due at the end of five years; and the bond, although payable to Doran for the use of the stockholders of the bank, was conditioned that if the obligors pay what remained unpaid at the end of two years, with ten per cent. interest, then the obligation was to be void.

This bond was evidently intended to secure the execution of the contract, and was not intended to create a new liability. The consideration moved from the bank, the contract was with it, and the money due to it.

The stockholders were not entitled to the assets of the bank until its debts were paid, and then only to the surplus remaining.

The whole transaction shows that the contract was to secure a demand due to the bank; and it makes no difference under what name the promise was made, the bank was legally and equitably entitled to its benefit. 21 Pick, 489; Hood, assignee, v. Spencer et al. 4 McLain, 168.

It is also urged as a defense to this claim that the obligors are discharged from liability because of a release executed by appellant to Joseph C. Dole. It appears by the proof that a petition was filed in the District Court of the United States of the Southern District of Illinois, by the creditors of the Farmers' and Merchants' Bank of Mattoon, against Melville B. Abell, Stephen D. Dole and Joseph C. Dole, as surviving partners of Abell, Dole and Ferguson, in which it was sought to charge said Joseph C. Dole, as a member of the firm, on the bond offered in evidence in this case; and the court, after hearing the evidence, found and decreed that he was not a member of said firm, or liable on said bond. And on the trial of this cause in the court below, Joseph C. Dole testified that he never was a member of the firm of Abell, Dole and Ferguson; that he did not sign the bond or contract read in evidence, or authorize the same to be done, or know that it was done until after the bank failed. This evidence is corroborated by Stephen D. Dole, who testified that he signed the names of S. D. and J. C. Dole to the bond and contract, but did not consult his brother about the matter.

After the adjudication of the District Court, Joseph C. Dole conveyed to appellant, as assignee of the bank, certain lands, paid him two hundred dollars and confessed a judgment in his favor, in consideration of which appellant, with the consent of the court, released him from all further liability, both as an individual and as a partner in the firm of Abell, Dole and Ferguson.

From the whole of the evidence it is manifest that J. C. Dole was not liable on the bond, and, therefore, the rights of the obligors were not affected by the release.

In order to entitle appellant to an allowance, it was not necessary that he should show that the entire sum of one hundred and thirty-seven thousand six hundred dollars and ninety-five cents of the indebtedness had been paid off. Abell, Dole and Ferguson had absolutely guaranteed the payment to the bank of all notes, drafts, over-drafts, and other indebtedness transferred to the bank by them, and agreed that if any part thereof should remain unpaid at the end of two years, they would pay the same to the bank, with ten per cent. interest from the date of the contract. The bank agreed that out of the money to be collected it would pay the indebtedness of Abell, Dole and Ferguson to the amount named. The order of time in which the several acts of the parties were to be performed does not require the payment of these debts as a condition precedent to performance on the part of Abell, Dole and Ferguson. On the contrary, the uncollected debts were to be paid by them at a time stated; and out of the proceeds of the collections these debts were to be paid by the bank.

Where a covenant goes only to part of the consideration on both sides, and a breach of such covenant may be paid for in damages, it is an independent covenant, and an action may be maintained for a breach on the part of defendant without averring performance on the part of the plaintiff. Nelson v. Owen, 41 Ill. 18; Cunningham v. Morsell, 10 Johnson, 202.

It would be unjust to permit Abell, Dole and Ferguson to withhold payment long after the time agreed upon, and thereby deprive the bank of the means provided by the contract with which to make payment, and thus escape all liability because

a small part of their debts had not been paid. The contract bears no such construction, and authorizes no such injustice.

In the settlement of estates the county court has both legal and equitable jurisdiction in the allowance of money demands, and we regard the claim here presented as of that character. The contract is an absolute undertaking to pay all of the assigned indebtedness not collected at the end of two years. It is both joint and several in its legal effect, and free from all complications which would require the aid of a court of equity; and no reason is perceived why the county court could not fully and completely adjust and settle the rights of the parties. But it is contended that this being the debt of the firm of Abell, Dole and Ferguson it cannot be allowed against the separate estate of Ferguson, and reference is made to the several cases involving this question which have been passed upon by the supreme court of this state. After a careful examination of all these cases we entertain no doubt that when there. is no joint fund, nor any surviving solvent partner, joint creditors may participate in the estate of the deceased partner, equally with private creditors. It is only where there are two funds out of which a creditor may be paid, that equity intervenes in favor of another creditor who is entitled to payment out of one fund only, and requires the assets to be marshalled. In this case the evidence shows that at the time this claim was presented for allowance, the firm of Abell, Dole and Ferguson, and the surviving members of the firm were wholly insolvent.

In adjusting accounts between creditors and the estates of deceased persons, it is the balance only, after allowing all just credits, which constitutes the claim to be enforced, either for or against the estate. If the bank failed to pay off all the debts of Abell, Dole and Ferguson, according to its agreement, the amount so unpaid should be deducted from the claim of appellant.

We are also of opinion that if appellant realized anything from Joseph C. Dole to procure his release from his supposed liability, arising from the contract and bond, and which was not in payment of his private debts, that the same should be applied as a credit on these obligations, and enure to the ben-

efit of all the signers thereof.   Or if the bank were in any manner justly indebted to the firm of Abell, Dole and Ferguson, the same should be allowed as a credit in adjusting the account and ascertaining the balance due.

Judgment reversed and cause remanded.

Reversed and remanded.