## Union Pacific Railway Company v. Chicago, Rock Island & Pacific Railway Company.

1. SPECIFIC PERFORMANCE—*Bill for, Brings the Whole Contract Before the Court.*—A bill for the specific performance of a contract brings before the court the contract as a whole; and unless as a whole it is valid, reasonable and susceptible of specific performance, the court, as a general rule, will not decree a specific performance.

2. SAME—*Effect of a Decree for.*—An unreversed decree for specific performance necessarily precludes a party from objecting to the performance of a part in which delinquency was not charged in the suit in which the decree was entered.

3. RES ADJUDICATA—*Decrees for Specific Performance.*—The validity of an agreement as a whole is in issue in a suit for specific performance, and a decree for its performance admits of no construction other than affirming its validity. Defenses in law as well as of fact are cut off by a former adjudication at law or in equity.

4. ESTOPPEL—*By Decree Available to Both Parties.*—An estoppel by adjudication is equally available to the plaintiff where the circumstances warrant it, as when offered by a defendant as a matter of defense.

5. PLEAS—*Bad on Demurrer to Replication.*—A plea which sets up a delay in completing a contract is bad; for such delay compensation is the remedy, and not the annulment of the contract. A demurrer to a replication is properly overruled.

**Memorandum.**—Action of covenant commenced by attachment to recover rentals. In the Circuit Court of Cook County; the Hon. SAMUEL P. MCCONNELL, Judge, presiding. Declaration upon a lease; defenses, *ultra vires,* replication, *res adjudicata;* judgment on demurrer to replication; appeal. Heard in this court at the October term, 1894, and affirmed. Opinion filed February 12, 1895.

WILLIAM E. MASON, attorney for appellant; JOHN M. THURSTON, W. R. KELLY and JOHN N. JEWETT, of counsel.

ROBERT MATHER, attorney for appellee.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

May 1, 1890, several railway companies, among whom were the parties to this suit, made an agreement under seal, a copy of which in the declaration fills thirty-two pages of the abstract, and the residue of the pleadings fills more than one hundred and twenty pages. The questions in the case may, however, be discussed in much less space.

Among the provisions of that agreement were grants by the appellee to the appellant of the right to use portions of railway tracks, with incidental accommodations, for which the appellant covenanted to pay a certain rent.

The appellant was chartered July 1, 1862, by Congress, with authority to construct railroads, one from the Missouri river, on the south side of the mouth of the Kansas river, and the other from some point on the western boundary of Iowa, to be fixed by the president, to another point to be fixed by him on the 100th meridian of longitude west from Greenwich, and thence westward.

The portions of track of which the use was granted by the appellee to the appellant were, one in Kansas, and another which it proposed to construct in Nebraska; the grant of the first being from May 1, 1890, and of the other from October 1, 1890, and each for 999 years; and neither of them being any part of the routes over which the appellant was authorized to construct, and had constructed, its lines. By the same agreement, the appellant granted to the appellee the use of certain portions of tracks of the appellant, for which the appellee covenanted to pay a certain rent. The agreement provided that "rental reserved shall commence to accrue on the day on which the lessee shall take possession of the leased property, not later than the first day of December, 1890."

This suit is brought to recover rent for the tracks of the

appellee in Kansas and Nebraska, the latter of which it alleged it constructed prior to October 1, 1890.

The main defense is *ultra vires*—that the appellant had no power to make the agreement.

To that the appellee replied *res adjudicata;* that January 8, 1891, it sued the appellant and another by a petition in equity in the District Court of Douglas County, Nebraska, alleging a breach by the appellant of the parts of the agreement by which the appellant granted the use of the portions of its tracks to the appellee; that it had kept and performed all on its part, and praying the judgment and decree of the court that the agreement " be carried into execution, and that the defendants, and each of them, specially perform the stipulations therein contained by them, and each of them, to be kept and performed, this plaintiff hereby offering to perform all the stipulations in said contract contained on its part to be kept and performed; " that the appellant removed the suit to the Circuit Court of the United States for the District of Nebraska, and there filed an answer in chancery to the petition, in which answer the appellant admitted that the appellee, soon after the first day of May, 1890, constructed its track in Nebraska, alleged that the performance of the contract by the appellant would seriously impair its " ability to carry on and perform its corporate business, and to serve the government and the public as in the acts of Congress," * * * " is provided; " and that the appellant " did not have any right, power or authority under and by virtue of the said several acts of Congress creating it, to enter into or execute the " agreement; that July 29, 1891, the said Circuit Court rendered a decree that the agreement " is the valid obligation of the parties thereto, and should be performed in good faith by each of them," which decree commanded the appellant " to specifically perform, keep and observe the several covenants promised, and agreements in said contract set out to be " by it " observed, kept or performed." To such replication the appellant demurred, and the court overruled the demurrer.

The question now is, whether the appellant is concluded

by that decree, no new defense having arisen since it was rendered. Our judgment is that the appellant is so concluded.

A bill for specific performance brings before the court the agreement as a whole; whether the default alleged is in one or another, or several particulars.

Unless as a whole it is valid and reasonable and susceptible of specific performance, with some exceptions as to cases where compensation is awarded or deducted in lieu of full performance, the court will not make a decree for a specific performance. A decree for a specific performance, unreversed, necessarily precludes the party from objecting to perform a part in which delinquency was not charged in the suit in which the decree was entered. Had the decree recited item by item what the appellant should do under the agreement, it would have been no more comprehensive than the sweeping command to perform the several covenants on its part of the whole agreement.

The validity of the agreement as a whole was an issue, and the decree admits of no construction other than affirming that validity. Defenses in law, as well as of fact, are cut off by a former adjudication at law or in equity. Bigelow, Estoppel, 100.

The estoppel "is equally available to a plaintiff in support of his action, when the circumstances warrant it, as when offered by a defendant as a matter of defense." Hanna v. Read, 102 Ill. 596.

Some pleas set up delay by the appellee in completing its track in Nebraska. For such delay compensation, and not annulling the contract, is the rule. Nelson v. Oren, 41 Ill. 18.

The pleas being bad, a demurrer to replication was rightly overruled, whatever their merit. Snyder v. State Bank, Breese 161.

The court below refused to permit answer to questions, the object of which was probably to prove that had the appellant performed, there would have been some additional expense to the appellee in repair of the tracks; and the

purpose was, probably, mitigation of damages. It is a very small matter in this case, trivial in comparison with the main question, whether this agreement shall operate nearly a century. A very technical answer is, that the appellant's counsel did not state what they expected to prove. Gaffield v. Scott, 33 Ill. App. 317.

On the whole case the judgment is affirmed.