## C. E. Freet, Appellant, v. American Electrical Supply Co., Appellee.

### Gen. No. 14,756.

CONTRACTS—*how covenants construed as to being conditions precedent or independent.* The general rule is that covenants, like any other agreements, should be construed in accordance with the intention of the parties; and where it is doubtful whether the covenant or agreement was intended by the parties to be a condition precedent or an independent covenant or agreement, courts will construe it as an independent covenant or agreement, especially where the defendant has derived some benefit from the contract.

Assumpsit. Appeal from the Municipal Court of Chicago; the Hon. FREEMAN K. BLAKE, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1908. Reversed and remanded. Opinion filed December 21, 1909.

Statement by the Court. On March 19, 1907, appellant, plaintiff below, a manufacturer of fire extinguishers in New York, entered into a written contract with appellee, defendant below, by the terms of which it was agreed:

1. To appoint appellee general agent for his goods for the State of Illinois, for a period of one year, and pay appellee a salary of $125 per month, dating from the payment by appellee for the first shipment of fire extinguishers.

2. To canvas the allotted territory three times a year, at his own expense, and turn over to appellee any orders that he might have on hand, or might thereafter receive, within said territory.

3. To sell and deliver to appellee $1,000 worth of extinguishers, "terms, net cash on delivery", and furnish such additional stock as appellee's trade would require.

4. At the end of the year, if all the terms of the contract had been complied with, repurchase, at cost price, whatever stock appellee might have on hand.

Appellee on its part agreed:

1. To accept the agency, devote a reasonable amount of time to the sale of appellant's goods, and do whatever might be in its power to promote the success of the agency.

2. To buy of appellant at the outset 800 extinguishers at $1.25 apiece, "terms, net cash on delivery," and as fast as it sold any of them, order a corresponding number from appellant so as to always carry a stock of 800 extinguishers, or $1,000 worth.

3. To sell a minimum average of $450 worth of extinguishers per month; in default whereof appellant could at the end of six months cancel the contract; retail price of extinguishers to be $3 apiece.

4. To collect the money for all extinguishers sold, deduct therefrom its salary and the difference between the billing price and appellee's selling price, and transmit the balance to appellant, who upon the receipt of such payment should replenish appellee's stock with a corresponding number of extinguishers to those thus sold.

The record further shows that the same day as the contract was executed appellee sent to appellant an order for 800 fire extinguishers at a price of $1.25 apiece, or a total of $1,000, and that a few days later it sent in further orders for some $800 worth of extinguishers, to be shipped direct to certain of its customers in Elgin, Rockford and Peoria. The record further shows that all of these goods were promptly shipped and duly received and have not been paid for, though payment has repeatedly been demanded. This suit was then commenced, in September, 1907, to recover for goods sold and delivered at the contract price.

Having proved these facts at the trial, the plaintiff rested, whereupon the court, on motion of defendant's counsel, peremptorily instructed the jury to find the issues for the defendant, on the ground that there was no proof that the plaintiff had canvassed the allotted territory three times a year. Motions for a new trial

and in arrest of judgment having been overruled and judgment entered on the verdict, this appeal is prosecuted to this court to reverse the judgment.

HOYNE, O'CONNOR & IRWIN, for appellant; CARL J. APPELL, of counsel.

H. P. SIMONSON, for appellee.

MR. JUSTICE SMITH delivered the opinion of the court.

No question of fact is here involved. The controversy as presented on this record arises from the construction of the contract between the parties by the trial court in instructing a verdict for the defendant.

The trial court held, and it is here contended on behalf of appellee, that the contract sued on in this case is not a severable contract for the purchase of fire extinguishers by appellee, the American Electrical Supply Company, and that, therefore, the plaintiff could not maintain an action for the goods sold and delivered under the contract, without proof that he had kept and fulfilled his covenant to canvass the territory allotted to the defendant three times a year.

The record shows that the parties to this action had entered into a written contract by the terms of which the plaintiff was to give the defendant the exclusive sale of his goods in Illinois for one year, and pay the defendant, in addition to a profit on the sale of the goods, a monthly salary of $125 for promoting the sale of such goods. Plaintiff also covenanted to assist in promoting the business by canvassing the territory three times a year at his own expense and by turning over to the defendant any orders on hand at the making of the contract, or afterwards secured. The defendant agreed to buy, at the outset, at least $1,000 worth of fire extinguishers on terms of net cash on delivery, and fill all orders from his stock.

The evidence further shows that within a few days after the contract was signed the defendant ordered $1,800 worth of extinguishers, $1,000 worth to be shipped to Chicago and $800 worth to be shipped direct to customers from whom defendant had received orders. These goods were duly shipped as ordered and were received, but have not been paid for.

By defendant's notice filed with its plea it says that shortly after the goods in question were ordered and received it declared the contract canceled and notified the plaintiff it would not pay for the goods, because of certain misrepresentations made by plaintiff's agent, but what misrepresentations were made is not stated.

On this state of the evidence the court, at the close of plaintiff's evidence, peremptorily instructed the jury to find the issues for the defendant.

The question above stated is thus raised on the record: Was it necessary for the plaintiff, in order to recover, to offer evidence tending to show that he had canvassed the territory as provided in the contract? If this covenant is a condition precedent, it is conceded in argument that such proof was necessary. If, on the other hand, it is an independent covenant, as contended by the plaintiff, it was not necessary for the plaintiff to offer the proof.

The general rule is that covenants, like any other agreements, should be construed in accordance with the intention of the parties; and where it is doubtful whether the covenant or agreement was intended by the parties to be a condition precedent or an independent covenant or agreement, courts will construe it as an independent covenant or agreement, especially where the defendant has derived some benefit from the contract. Rubens v. Hill, 213 Ill. 523. And, as said in Palmer v. Meriden Britannia Co., 188 Ill. 508, at page 522: "Where the plaintiff's covenant goes to only a part of the consideration, and a breach of the

covenant can be compensated in damages, the defendant can not rely upon the covenant as a condition precedent, but must perform the covenant on his part, and then rely upon his claim for damages for any breach of the covenant by the other party, either by way of recoupment, or in a separate action." This is an old doctrine of the common law. Boone v. Eyre, 1 H. Black. 273; Cole v. Shallet, 3 Levinz Rep. 41; Fothergill v. Walton, 8 Taunt. 574; Havelock v. Geddes, 10 East. 555; Campbell v. Jones, 6 Tenn. Rep. 570; Ritchie v. Atkinson, 10 East. 295; and many other cases which might be cited. Many other decisions of our Supreme Court holding the same doctrine might be cited, and among them are Nelson v. Oren, 41 Ill. 18; White v. Gillman, 43 *id.* 502; Prairie Farmer Co. v. Taylor, 69 *id.* 440.

The contract before us provides for a canvass of the territory by the plaintiff three times a year, without specifying the times when the canvasses should be made. But, another covenant provides that the plaintiff shall sell and deliver to the defendant $1,000 worth of extinguishers on terms of "net cash on delivery," and shall furnish such additional stock as the trade of the defendant may require from time to time. Under this covenant the goods were sold to the defendant, for the price of which this action was brought. This covenant contemplates that this sale to the defendant should be made at the outset of the business contemplated by the contract in order to provide the defendant with the stock necessary to start the business and supply its customers. It therefore was not and could not have been contemplated by the parties that the canvassing was a condition precedent to the payment for the goods to be sold to the defendant for cash on delivery. The very terms of the contract forbid the construction contended for by the defendant. Thus, apart from the principle of construction laid down in the authorities cited above, the contract with which we are concerned by its very

terms requires us to construe these covenants as independent covenants.

For that reason, and for the further reason that it is clear that the breach of the covenant by the plaintiff to canvass can be compensated for in damages and the covenant of the plaintiff does not go to the whole of the consideration of the contract, it is not a condition precedent, and the plaintiff may maintain his action for the price of the goods sold, without proof of the fulfilment of the covenant to canvass, on the proof in the record and the statements in the notice filed with the defendant's plea.

' The court therefore erred in peremptorily instructing the jury to find the issues for the defendant, and for that error the judgment is reversed and the cause is remanded.

*Reversed and remanded.*