## HARRY WHITE

*v.*

## JOHN GILLMAN.

CONTRACT—*condition precedent.* Appellee sold upon credit to appellant, his landlord, all the crops he had raised on his land, at the price of $500, and agreed to leave the premises in ten days with all his "traps." Appellee did leave, and removed the greater part of his property within the time specified, but left around the premises some geese, shoats, sheep and ducks, for a longer period. Appellant entered and took possession of the crops, but refused to pay, on the ground, that the removal of appellee with all his property was a condition precedent. *Held,* it was not, and that appellant having received value, law and justice both combined in requiring him to pay the amount he agreed.

APPEAL from the Court of Common Pleas of the city of Aurora; the Hon. R. G. MONTONY, Judge, presiding.

The facts of the case sufficiently appear in the opinion of the court.

Mr. C. J. METZNER, for the appellant.

Messrs. WAGNER & CANFIELD, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

It was substantially proved, that the plaintiff, Gillman, sold out to White all his interest in the crop he had raised on White's land, for which White was to pay him five hundred dollars, and Gillman was to leave the premises with all his "traps" in ten days. Gillman did leave the premises with the bulk of his property and effects within the ten days, but left some geese and some shoats remaining there, and some sheep roaming about the place, and some ducks and turkeys. The appellant claimed that this removal with all his "traps" in ten days, was a condition precedent, and not being performed to the letter by Gillman, he had no right of action to recover the five hundred dollars, but this construction cannot be allowed. This proposition he has embodied in several instructions, which the court refused to give.

The questions arising upon these instructions were fully considered and decided by this court, in the case of *Nelson* v. *Oren*, 41 Ill. 18; and the case of *Boone* v. *Eyre*, 1 H. Bl. 273, commented on at length. The principles of that case govern this. Here the contract was executed in part, of which White has the full enjoyment. For a failure by Gillman to remove "all his traps" in ten days, he was liable to damages, and that question of damages was submitted, by agreement of these parties, to the jury trying this case. Here, White claims to keep the crop Gillman raised, worth five hundred dollars, because Gillman did not take his ducks and geese, and a few shoats and turkeys off the place, in ten days.

As in *Boone* v. *Eyre*, if the plea there interposed was allowed, any one negro, not being the property of the plaintiff, would bar the action, although the estate had passed out of the plaintiff, and gone to the defendant; so here, a single duck or goose remaining on these premises, would defeat the plaintiff's right to recover for his whole crop. The absurdity of the proposition is manifest. If White had been damaged by reason that these articles were not removed in ten days, the jury could and would have awarded damages to him. He is in the enjoyment of the object of the contract, which was the crop, and

for the price of which, he got an allowance by the assessor as for hired labor. Law and justice both combine in requiring White to pay the amount he agreed to pay. He has value for it.

As to the instructions given for the plaintiff, there may be some technical inaccuracies in them, but they lay down, correctly, the rule governing the case; and the verdict is so manifestly right on the evidence, that slight technical errors in the instructions, should not be permitted to disturb it.

The modification made by the court to the defendant's last instruction was proper, and is in harmony with the views we expressed in the case of *Nelson* v. *Oren, supra,* and with the law.

The judgment must be affirmed.

*Judgment affirmed.*