# THE PRAIRIE FARMER COMPANY

*v.*

# ALVA B. TAYLOR *et al.*

1. CONTRACT—*whether dependent or independent undertakings.* Covenants and undertakings are construed to be dependent or independent, according to the intention of the contracting parties, if that intention can be discovered. Where the covenants or undertakings are independent of each other, one party may maintain an action against the other, without averring a performance on his part, of an independent undertaking, or averring full performance.

2. Where the plaintiff agreed with the defendant to put up a printing press for the latter, in complete running order, at a certain price, and the defendant was to elect, within thirty days thereafter, whether he would keep and pay for it, it was *held*, where the defendant kept the press, that the right to maintain an action for the price, when due, became absolute, and was not dependent upon the further undertaking of the plaintiff to keep the press in "order permanently," and to do other things which would extend long after the time fixed for payment.

3. SAME—*recoupment.* In such a case the defendant, when sued for the price, had the right to recoup any damages sustained by a breach of any of the other undertakings of the plaintiff, which were independent, or bring a separate action whenever they might be broken.

4. SAME—*construed as to time of acceptance or exercising option.* Where a printing press was sold, giving the purchaser thirty days after it was set up in running order to determine whether he would keep and pay for it, the seller agreeing to keep it in permanent order, it was *held*, that if the purchaser kept the same after thirty days, without notice of his election not to keep the same, he was responsible for the price, notwithstanding he made objections, within that time, and had the seller make repairs, as that would be referred to the seller's duty to keep it in repair.

APPEAL from the Superior Court of Cook county; the Hon. WILLIAM A. PORTER, Judge, presiding.

Messrs. HITCHCOCK & DUPEE, for the appellant.

Messrs. CARTER, BECKER & DALE, for the appellees.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

This action, in form, was *indebitatus assumpsit*, to recover for the value of a printing press alleged to have been sold to appellant. The declaration contains only the common counts.

The proposition of appellees to put up a press for the company was formally accepted, and this constitutes the contract between the parties. It is as follows:

"We will make and set up in your press room, in complete running order, within seventy days from the acceptance of this proposition, one of our four-roller, 34x52 drum-cylinder printing presses, same style as those recently put into the Republican, Tribune, Railroad Gazette and Spalding & LeMonte's offices, in this city, with all our latest and best improvements, and warranted to give you complete satisfaction in every particular, giving you thirty days from the time when said press shall have been set up in your premises in complete running order, as aforesaid, in which to determine whether the warrant is good, and whether you will keep the press or not, for the sum of $4000, payable as follows: *   *

"We will keep said press in order, permanently, without charge, except in cases of breakage caused by carelessness or inattention of your employees.

"We will put a patent counting machine to the press, free of charge; and we will guarantee the said press shall be as perfect and good a build, and in as perfect repair, as any press there is in Chicago.

"We will also, upon the acceptance of this proposition, put and keep in perfect repair the double cylinder press now in your office, and give you the use of the same gratis until the completion of the large drum, as above agreed."

The recovery was had for the entire contract price, and it is insisted this could only be justified by proof of full performance of all the conditions of the agreement. This involves a construction of the contract, and depends upon the question whether the several undertakings were dependent or independent, or, in other words, whether the contract was an entirety, or separable.

In *Thorpe* v. *Thorpe*, 1 Salk. 171, it was said : "Every man's bargain ought to be performed as he intended ; and where he relies upon his remedy, it is but just that he should be left to it according to his agreement ; but, on the contrary, there is no reason a man should be forced to trust where he never meant it." Hence, covenants and undertakings are construed to be dependent or independent, according to the intention of the contracting parties, if that intention can be discovered.

The law seems to be settled, where there are several covenants, promises or agreements, independent of each other, one party may bring an action against another for a breach without averring performance on his part ; and it will constitute no defense to the action to allege a breach on the part of the other contracting party.

Thus, in *Nelson* v. *Owen*, 41 Ill. 78, it was said : "Where a covenant goes only to a part of the consideration on both sides, and a breach of such covenant may be paid for in damages, it is an independent covenant, and an action may be maintained for the breach without averring full performance." To the same effect is *White* v. *Gilman*, 43 Ill. 502.

In *Putnam* v. *Mellen*, 34 N. H. 71 : "Among the rules laid down, showing where performance is necessary to be averred, one is, that if a day be appointed for the payment of money or the doing any other act, and the day is to happen or may happen before the thing which is the consideration of the money or other act to be performed, an action may be brought for the money or for not doing such other act before performance, for in such case it is apparent that the party relies upon

his remedy, and does not intend to make the performance a condition precedent."

In the case we are considering, the price of the press to be furnished was an agreed sum to be paid, in installments, after it was accepted. The company was to elect, within thirty days after the press was set up in the premises, in running order, whether it would keep it at the contract price. The only condition precedent to the right of recovery was, that the press was to be set up in "complete running order," and if the company did not elect, within that period, to keep it, the right to maintain an action for the purchase money after the installment matured, became absolute. It is palpable, from the very nature of the contract, that the other undertakings could not be conditions precedent. The agreement to keep in "order permanently," implies that the work is to be done on the press after it has been accepted, at a future period, as the same might become necessary. The same may be said of the other undertakings contained in the agreement: they had no necessary connection with the delivery and acceptance of the press.

We have no hesitation, therefore, in coming to the conclusion the true construction of the contract is this: It was the duty of appellees to set up the press in complete running order on the premises of the company, within seventy days after the acceptance of the proposition, unless that condition was waived; and on failure of appellant, within thirty days, to elect whether it would keep the press or not, the right vested at once to recover the contract price on the maturity of the installments.

As to the other undertakings contained in the contract, it is expressly stated they were to be performed gratuitously, and in no view we have been able to take can they be regarded as conditions precedent. But if it is conceded they rest upon the consideration the company would buy the press for a stipulated sum, and made with a view to effect a sale, they are, at most, independent undertakings, the breach of

which may be paid for in damages; and it must be presumed the company relied for its security upon the remedy afforded in any appropriate action, whenever a breach should occur. No doubt, in the present action, appellant could have availed of its privilege of recoupment, and have such damages as it had heretofore sustained deducted from the contract price.

This is the only rational view that can be taken of the agreement. We have seen it was impossible to make proof of full performance of all the conditions, especially the agreement to keep the press in "order permanently;" and if the law imposed the necessity of making such proof, then, indeed, the company could keep it until it became worthless from continued use, and appellees would be powerless to compel payment. In the light of a true construction of the contract, it can not be said the law imposes any such duty upon appellees.

The evidence shows the press was set up in "complete running order," and did its work satisfactorily to the company. Before the expiration of the thirty days it became out of order, and needed repairs, but the company did not, for that reason, determine not to keep it. Appellant continued to use it for a period of about a year before it was destroyed by the fire. During all that time appellees, at intervals, as they were requested, made repairs upon it, as they had agreed to do, by their contract to keep it "in order permanently."

It is urged that, by a fair construction of the contract, if the company, in good faith, within the thirty days, entertained objections to the press, and communicated the same to appellees, and they undertook to repair the defects within that period, it would constitute an extension of time in which to decide whether it would keep the press, and hence it is said no formal notice of the determination not to keep it was necessary to prevent the title from passing to the company. There is no warrant in the contract for this proposition. The repairs made by appellees were consistent with the obligations imposed by the agreement. By the very terms of the con-

tract the sale was complete, unless the company, in thirty days after the press was set up, in the manner required by the contract, determined not to keep it. It made no election and gave no notice of its intention. The presumption will be deemed conclusive, it intended to keep the press unless it gave notice to the contrary. The continued use of the press for such a length of time is inconsistent with the theory that the title had not passed. Indeed, it seems to us that it can not be gainsaid the title had passed to the company. If so, appellees were entitled to recover the agreed price, less any damages appellant may have sustained by reason of the non-performance of the independent obligations of the agreement. It is not shown any specific damages have resulted from a breach of any of those conditions, and the verdict to the extent found was warranted by the evidence.

The instructions given stated the law substantially correct, and those refused by the court were inconsistent with the meaning of the contract, as we understand it, and were properly refused.

Perceiving no error in the record, the judgment is affirmed.

*Judgment affirmed.*