# CASES

IN THE

# APPELLATE COURTS OF ILLINOIS.

## SECOND DISTRICT—APRIL TERM, 1902.

104 445
s111 103

## M. T. Chapman v. J. E. Salfisberg and H. H. Enbody, Copartners as J. E. Salfisberg & Co.

1. CONTRACTS—*Conditions Precedent.*—A clause in a contract providing that the work is to be maintained for a period of five years from May 1, 1899, and the amount named in the contract is to be paid for the services and materials and "the complete execution of the said contract," is not a condition precedent to the right of payment. It is an independent covenant, entitling the plaintiff in error to recoup in this suit, or to institute an independent action for a breach of such covenant.

2. INSTRUCTIONS—*Oral Instructions as to Amount of Damages.*—Where no instructions are offered by either party and the jury returns a verdict without fixing the amount of damages, it was not error for the court to instruct the jury orally that they must find the amount of damages, and send them back to the jury room for that purpose.

**Assumpsit.**—Error to the City Court of Aurora; the Hon. R. P. GOOD-WIN, Judge presiding. Heard in this court at the April term, 1902. Affirmed. Opinion filed July 18, 1902. Rehearing denied and modified opinion filed October 8, 1902.

FRANK G. PLAIN, attorney for plaintiff in error; R. G. MONTONY, of counsel.

JOHN M. RAYMOND, attorney for defendants in error.

MR. PRESIDING JUSTICE BROWN delivered the opinion of the court.

This was a suit by defendants in error on a written con-

(445)

tract made with plaintiff in error for the construction of certain cement work on his premises in the city of Aurora. The contract provided that all work done under it was to be maintained for a period of five years from May 1, 1899, against cracks, checking, hollowness and other imperfections, and that "in full compensation for all the aforesaid services and materials and the complete execution of said contract" plaintiff in error was to pay defendants in error $325.

The declaration contained a special count upon the written contract, a count for extras, and the common counts. The only plea was the general issue. The proofs showed defendants in error constructed the work as required by the special contract, and also did certain extra work for plaintiff in error outside that contract. One of the defendants in error testified without objection that the total amount due his firm was $429.94. On cross-examination of this witness no effort was made to show that anything was improperly included in that total. No evidence was introduced by plaintiff in error. The verdict was for defendants in error in the sum of $429.94, and the proof above recited warranted a verdict for that amount if defendants in error were entitled to recover for the work done under the written contract. Judgment was rendered on the verdict.

The principal ground urged for reversing the judgment is, that the contract provided the work was to be maintained for a period of five years from May 1, 1899, and the amount named in the contract was to be paid for the services and materials and " the complete execution of the said contract." It is contended that the maintenance of the work for five years, free from the imperfections mentioned, was a condition precedent to the right to receive payment; and that therefore the defendants in error were not entitled to maintain their suit until after the expiration of the five years. We hold this is not a proper construction of the contract. The provision that the defendants in error were to maintain the work in the manner specified is an independent covenant, entitling the plaintiff in error to recoup in this

suit, for existing defects, if any, or to institute an independent action for a breach of such covenant.   It is not a bar to the right of defendants in error to institute a suit for the recovery of the contract price of the work and material before the expiration of five years from May 1, 1899.   The defendants in error possessed that right upon the proper completion of the work.   The suit was not prematurely brought.   Prairie Farmer Co. v. Taylor, 69 Ill. 440.

No instructions were offered by either party.   The plaintiff in error offered no evidence upon the trial.   The jury returned a verdict for defendants in error but without fixing the amount of damages.   The court thereupon instructed the jury orally that they must find the amount of damages and sent them back to the jury room for that purpose. There could be no error in this, as it was the duty of the jury to fix the amount.   Nor was it such an instruction as was contemplated or prohibited by the statute requiring courts to instruct juries in writing.

Certain affidavits were filed in the court upon the motion for a new trial, tending to show that when the jury returned the second time, the attorney for the defendants in error handed the bailiff in charge, the contract, with the figures $429.94 on top of the same, with the suggestion that "the figures are on top."   It appears, however, that these affidavits were not brought to the attention of the court when the motion for new trial was passed upon.   The first notice the court had of the affidavits was when the bill of exceptions was settled.   There could have been no error in the court refusing to act upon the affidavits at that time, as they should have been presented when the motion for new trial was considered and determined.   In the view we take of the case there could have been no controversy upon the question of the amount due.   If the defendants in error were entitled to recover upon the written contract, then under the proof they were entitled to recover the amount of the verdict.   It follows that writing the amount thereof on the contract, as contended, was not prejudicial to the rights of the plaintiff in error.   Finding the record free from error the judgment of the city court will be affirmed.