### M. T. Chapman v. J. E. Salfisberg, et al.

#### Gen. No. 4251.

1. INJUNCTION—*when an, lies to restrain judgment at law.* Equity will relieve against a judgment at law when it is shown that there is a valid defense on the merits of which the defendant in the judgment was ignorant at the time of the trial and which he could not have discovered by the exercise of reasonable diligence in time to set it up at law.

Bill to restrain collection of judgment at law.   Appeal from the City Court of Aurora; the Hon. JOHN L. HEALEY, Judge, presiding.   Heard in this court at the April term, 1903.   Reversed and remanded.   Opinion filed October 8, 1903.

F. G. HANCHETT and SEARS & SMITH, for appellant.

RAYMOND & NEWHALL, for appellees.

MR. PRESIDING JUSTICE DIBELL delivered the opinion of the court.

J. E. Salfisberg & Company sued M. T. Chapman in the City Court of Aurora to recover the contract price for laying a certain cement sidewalk upon a public street in the city of Aurora and for doing certain other cement work, and also to recover for certain extra work performed by Salfisberg & Co., for Chapman in connection with said cement work.   Plaintiffs recovered a judgment for $429.94, which was affirmed by this court in Chapman v. Salfisberg, 104 Ill. App. 445. .The main defense interposed was that under the terms of the contract the time had not arrived when defendant was bound to pay the contract price. Thereafter an execution was issued for the collection of said judgment.   The present suit was a bill in equity filed by Chapman against Salfisberg & Co., and the sheriff having said execution, to enjoin the collection of said execution, and for a decree vacating said judgment and granting a new trial in said cause.   Defendants filed a general demurrer to the bill, which was sustained and the bill was dismissed for want of equity.   Complainant appeals.

Equity will relieve against a judgment at law when it is shown that there is a valid defense on the merits, of which defendant in the judgment was ignorant at the time of the trial, and which he could not have discovered, by the exercise of reasonable diligence, in time to set it up at law. Harding v. Hawkins, 141 Ill. 572; Brown v. Luehrs, 79 Ill. 575.  The bill sets out the contract.   It required that the space to be occupied by the walk should be cut down to a grade twelve inches below the grade established for the walk; that the soft spongy ground, grass and vegetable

matter should be taken out; that the sub-foundation should be consolidated by wetting and ramming to give it solidity; that upon this sub-grade, twelve inches below the established grade, should be placed a foundation of cinders, broken stone or gravel, which after being thoroughly rammed should be seven inches thick; that upon this prepared foundation with its top surface five inches below the established grade, should be laid a layer of cement concrete five inches thick, and on this concrete should be placed a wearing surface one inch thick, composed of Portland cement, etc. The bill avers that at the trial Salfisberg testified said contract had been completed and carried out by said firm, and that the judgment was entirely based upon his testimony, and that complainant had no knowledge or means of knowledge that this was not true; but that about fifteen months after said judgment was recovered, the city of Aurora in paving the street along which this walk extends, cut from said walk a portion of the same, the whole of its length, and thereby exposed the foundation under said cement walk, and it was then found that there was no cinder or other foundation whatever placed under the walk, but it was put upon the bare ground, and also that said cement walk was but four inches thick; and that the walk was so built, with a cement curbing on the street side, that the foundation was entirely concealed from the view of the public and of complainant till a section of the walk was cut away by the city. It was further alleged that since the trial of the other cause said walk, by reason of the lack of a foundation, has been heaved by the frost, and that this destroyed the efficiency of the walk, and said walk is worthless and useless to complainant, and must be removed and a new walk with a proper foundation laid in its place. It is alleged that Salfisberg when he testified knew that the work was not completed according to the contract and did not rest upon a cinder or other foundation as required by the contract, and that all these facts were unknown to complainant at the time of the trial of said cause, and that the larger part of said judgment was for the construction of said walk.

It is argued by appellee that the bill is defective in stating conclusions instead of facts, and it may be some of its allegations are not as specific as they should be, but we think enough facts are positively stated to show that, assuming them to be true, as is confessed by the demurrer, the judgment is unjust, and would not have been rendered if they had been shown at the trial of that cause. We think also, according to the allegations of the bill, complainant could not have discovered these facts by the exercise of reasonable diligence, and therefore was not negligent in failing to discover them, unless it can justly be said that he should have watched the progress of the work and observed at the time the failure to place a foundation underneath the walk, or that when sued he should have taken up the walk to see if it was laid in compliance with the contract. We are of opinion that he had a right to rely upon a performance of the contract by Salfisberg & Co., and was not required to watch the progress of the work. When he was sued it does not appear he had any reason to suspect they had failed to carry out the contract. It is not claimed that that which was left in sight was defective. It is evident that to take up the walk would destroy it, and that these defects could not be otherwise discovered. We do not think the law requires a party sued for the price of work to pull the work to pieces, or even to destroy a part of it, in order to see if it was done according to contract. We conclude the demurrer should have been overruled.

The decree is therefore reversed and the cause remanded.

*Reversed and remanded.*