### James S. Wight, Receiver, v. City of Chicago.

#### Gen. No. 13,474.

LIQUIDATED DAMAGES—*what does not waive right to retain deposit by way of.* A deposit made with a city by a traction company as a guaranty for the performance of certain undertakings may be retained by such city as liquidated damages for a failure to perform such undertaking, notwithstanding the city may have accepted a part performance and not elected to declare a forfeiture.

Assumpsit. Appeal from the Superior Court of Cook county; the Hon. GEORGE A. DUPUY, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1907. Affirmed. Opinion filed November 22, 1907.

**Statement by the Court.** This is an action in *assumpsit* brought by appellant as receiver of the Northern Electric Railway to recover from appellee the value of certain bonds deposited with the latter.

By an ordinance enacted July 23, 1894, the Northern Electric Railway was authorized to construct and operate for a period of twenty years a street railway in certain specified streets of the city of Chicago. It was provided that the tracks authorized should be "laid and completed in each of said streets or avenues within the period of one year after the passage

and acceptance of the ordinance." It was further required that the railway company should "at or before the time of its acceptance of this ordinance, deposit with the treasurer of the city of Chicago the sum of twenty-five hundred dollars in cash, or bonds of the city of Chicago of the par value of $2,500, which money or bonds the city of Chicago shall have the right to retain as agreed and liquidated damages in case of the failure of the said Northern Electric Railway to complete said road within the time as above limited, but which shall be returned to it after the completion of said entire railway lines in accordance with the provisions of this ordinance."

The railway company filed its acceptance of the ordinance, a bond in the penal sum of $20,000 as the ordinance provided, conditioned for faithful performance of its terms, and made the required deposit of bonds of the city of the par value of $2,500. Within a year thereafter the railway was completed and in operation upon most of the streets named in the ordinance, but upon three of the avenues so named it was not then and never has been constructed. The city did not, however, declare the franchise forfeited because of such failure, as it is conceded it might have done. The railway was operated for nine years and during that time paid to the city certain license fees and a percentage of receipts as required by the ordinance. In January, 1904, the company took up its tracks and went out of business. Appellant, having been appointed receiver, brought suit to recover the value of bonds for $2,500, which it had deposited, and appeals from a judgment of the Superior Court in favor of the city.

FREDERICK A. BROWN, for appellant.

HOWARD W. HAYES and GEORGE W. MILLER, for appellee; EDWARD J. BRUNDAGE, Corporation Counsel, of counsel.

MR. JUSTICE FREEMAN delivered the opinion of the court.

It is contended that by consenting to the operation of the street railway so far as it was built, and by receiving the license fees and percentage of receipts, the city accepted the partial performance of the company, waived the right to retain the $2,500 and could only recoup any damages it may have suffered from the failure of the railway company to construct the unbuilt portion of the railway.

It is no doubt true that a city can by its acts waive the right reserved in an ordinance of forfeiting the franchise. It has not, however, sought in this case to forfeit the franchise, and no question of that kind is before us. In Wiley v. Athol, 150 Mass. 426-435, cited by appellant's counsel, it was held that the "guaranty" of an aqueduct company to furnish "a supply of water sufficient to run eight hydrants at the same time and throw full streams of water over the highest building in either village in said town, during said term" might be considered as defining what would constitute a full and ample supply of water, and "was in its nature a continuing precedent the performance of which was necessary to enable the plaintiff to recover" the price agreed to be paid for the use of the hydrants; but that while the "conditions precedent must be performed and a partial performance is not sufficient, yet when a contract has been performed in substantial part and the other party has voluntarily accepted and received the benefit of the part performance, knowing that the contract was not being fully performed, the latter may thereby be precluded from relying upon the performance of the residue as a condition precedent to his liability to pay for what he has received and may be compelled to rely upon his claim for damages in respect of the defective performance." It is further said that performance must be of a substantial part of the contract and that the acceptance must be under such circumstances as to

Wight v. City of Chicago.

show that the party accepting knew or ought to have known that the contract was not being fully performed. The case is authority for the contention that the guaranty under the facts of that case must be treated as in effect an independent agreement, for the breach of which damages might be recouped. See also Palmer v. Meriden Britannia Co., 88 Ill. App. 485-488; *Idem,* 188 Ill. 508-523, and cases there cited; Waterworks Co. v. Joplin, 177 Mo. 496; Sykes v. City of St. Cloud, 60 Minn. 442.

If, however, it be conceded that having consented to the operation of the railway upon part of the streets named in the ordinance and accepted payment of the license fees and percentage of receipts provided for, the city might be deemed precluded from forfeiting the franchise or contract with the railway company, it by no means follows that the city is not entitled to retain as damages the sum deposited, which by the ordinance it was provided it should "retain as agreed and liquidated damages in case of the failure" of the railway company to complete said road within the time limited. That it may have suffered damage is clear. The failure to construct and operate the railway in the remaining streets might very well have lessened the percentage of receipts to which the city was entitled. The principle stated in the cases above referred to, to the effect that in event of failure to perform the contract the party injured may be compelled to rely upon his claim for damages in respect to the defective performance, is in point. That is just what appellee is apparently doing, asserting its claim to the agreed and liquidated damages as provided in the contract. The sum is not extravagantly large and the damages actually suffered would be difficult to ascertain with certainty. No reason appears why the sum fixed by the parties themselves as proper damages for the specific default mentioned, the failure to complete the road, should not be deemed a conclusive determination of the damages for that default.

Had there been an entire failure to comply with the contract by the railway company the city might, if damaged beyond the sum in controversy, have sought indemnity under the penal bond of $20,000. This it has not, so far as appears, attempted.

No error appearing, the judgment of the Superior Court will be affirmed.

*Affirmed.*