**Helen S. Williams, Appellee, v. Artemus D. Watson, Jr., Appellant.**

**Gen. No. 42,419.**

296

Opinion filed September 27, 1943. Opinion modified and rehearing denied October 14, 1943.

MILLER, GORHAM, WESCOTT & ADAMS, of Chicago, for appellant; WILLIAM SIMON and EDWARD J. FLEMING, both of Chicago, of counsel.

CASSELS, POTTER & BENTLEY, of Chicago, for appellee; FRANCIS J. NOSEK, of Chicago, of counsel.

MR. JUSTICE NIEMEYER delivered the opinion of the court.

On September 27, 1943 we filed an opinion affirming the judgment appealed from. Defendant presented a petition for rehearing. Without changing the result, we have revised and amplified the opinion and file the following in lieu thereof. The petition for rehearing is denied.

Plaintiff recovered a summary judgment against defendant, her former husband, for $2,135; the amount found to be due under a contract of November 3, 1934, as modified by supplemental agreement dated March 14, 1939 whereby defendant promised to pay plaintiff $100 per month during her lifetime. Defendant appeals.

The original agreement recited the separation of the parties and their desire to adjust property rights, claims of support and maintenance and all questions concerning the custody and support of their two minor children. Under this agreement defendant promised to pay plaintiff $200 per month until her death or remar-

riage; the care, custody, control and education of the children were given plaintiff except during the vacation period, and defendant agreed to pay plaintiff $50 per month for the support of each child. In carrying out the contract, payments to plaintiff for the support of the children were made only when she had their custody.

By the supplemental agreement the payments to plaintiff were reduced to $100 per month from April 1, 1939, but extended during the balance of plaintiff's life even though she remarried. All provisions relating to payments to plaintiff for the support of the children were eliminated and a provision inserted that defendant should pay for their support and maintenance throughout each period during which he had the actual custody of the children. In all other respects the terms, provisions and conditions of the original agreement remained in full force and effect.

Plaintiff remarried April 8, 1939. Payments of $100 per month were made to her through August 1940, and $65 was paid in September of that year. No further payment having been made, this action was brought and motion for summary judgment made. Defendant also moved for summary judgment, contending that plaintiff could not recover because she had breached the agreement by failure to assume the care, custody, control and education of the children and because the supplemental agreement was invalid for want of consideration.

Plaintiff contends that the agreement in respect to the custody of the children and payment for their maintenance is an undertaking independent of the agreement to pay plaintiff for her use and benefit and, in the alternative, that the agreement did not require her to have the custody of the children; that the supplemental agreement is supported by a valid consideration.

Covenants and undertakings are considered to be dependent or independent according to the intention

of the contracting parties and the good sense of the case, and where there are several promises or agreements independent of each other, one party may bring an action against the other for a breach of one of the promises or agreements without averring full performance of the contract on his part, and the breach by the plaintiff of an independent promise or undertaking will not constitute a defense to such action. *Prairie Farmer Co. v. Taylor,* 69 Ill. 440, 442; *Foreman-State Trust & Savings Bank v. Tauber,* 348 Ill. 280, 291. The original agreement expressly provides that in the event the plaintiff ''shall fail or refuse to provide for the care, custody, control or education of either child, . . . then the obligation herein of the second party (defendant) to contribute to the support and maintenance of such child shall forthwith cease and determine.'' By this provision the parties plainly expressed their intent that the promise to pay $200 per month to the plaintiff for her use and benefit should be independent of any undertaking to provide for the care, custody, control and education of the children, for the parties thereby expressly limited the consequences of a failure by the plaintiff to care for and maintain the children to a release of defendant's obligation to pay her for their support.

When the original agreement was modified by the supplemental agreement, all requirements for payments to plaintiff for the support of the children were eliminated. This necessarily did away with the provision for discontinuing such payments if plaintiff failed to care and provide for the children. This change did not affect the independent character of the undertakings for the benefit of the plaintiff and those for the benefit of the children. As in the original agreement, these obligations were dealt with separately in the supplemental agreement, with nothing to indicate any dependence of one upon the other. The specified contingencies which terminate the respective

obligations are events affecting only the individual beneficiary. As to the plaintiff, her right to payments under the contract as modified terminate upon her death. Various obligations in respect to the children terminate upon the completion of their college education, marriage, becoming self-supporting, or death. The undertakings in respect to plaintiff are independent of the undertakings relating to the children.

Moreover, the parties placed this construction upon the contracts and construed their provisions as giving a right to the care and custody of the children, as contended for by plaintiff, rather than imposing an obligation with respect to such care and custody, as contended by the defendant. Under either practical construction by the parties the defense of plaintiff's alleged breach in failing to care and provide for the children cannot be sustained. The contracts provide that, ". . . except during the periods herein specified, the party of the first part (plaintiff) shall have the care, custody, control and education of each of the two minor children of the parties hereto at all times during the minority of each child; provided, however, that the party of the second part (defendant) shall have the care, custody, control and education of each child throughout each and every school vacation period." According to statements of their counsel before the trial court in June 1942, the defendant had had the actual custody of the children for five years, and during two years of that time he made monthly payments to plaintiff under the original agreement. Without any change in the custody and support of the children, or any contract provision for such change, he signed the supplemental agreement and made monthly payments thereunder for 17 months. Defendant says in an affidavit in opposition to plaintiff's motion for summary judgment, that she advised him that she was about to be married and did not want further custody of the children. Defendant probably preferred

to have the children with him rather than in the home of plaintiff after her remarriage. Except for the statement in defendant's answer and affidavit of his conclusion that plaintiff had failed and refused to provide for the children, it does not appear that any request was made that plaintiff assume the care and custody of them.

The supplemental agreement was prepared by defendant's attorneys to meet the changed situation. Under that agreement defendant agreed to do only what he had been doing for several years—support the children when in his custody, and, what the original agreement required him to do even when they were in plaintiff's custody. By eliminating all provisions for support of the children when in plaintiff's custody defendant was lessening the likelihood of plaintiff wanting them or being able to keep them. After faithfully performing the contract, as modified, for 17 months, defendant ceased payments and now claims that he should no longer pay plaintiff because the supplemental contract left unchanged a fixed obligation on plaintiff to care and provide for the children (the things she sought to avoid) except when they were in the actual custody of defendant, while eliminating all provisions for the payment of money to her for their support even though, according to defendant, they must be in her care and custody for the nine months of the school year. Surely this was not the intent of the parties. As outlined above, for three and a half years, during all of which time defendant had the actual custody of the children, he voluntarily made regular payments to plaintiff. A practical construction has been given to the contracts by the parties. It is persuasive, if not controlling. *Nelson v. John B. Colegrove & Co. State Bank*, 354 Ill. 408; *Armstrong Paint & Varnish Works v. Continental Can Co.*, 301 Ill. 102, 107. By that construction plaintiff was not required to have the care,

custody, control and education of the children. With this we agree.

Defendant bases his defense of want of consideration upon the fact that he did not sign the supplemental agreement until several months after plaintiff's remarriage had terminated his obligation under the original contract. The affidavits filed in the proceedings for summary judgments show without dispute that in March of 1939 plaintiff advised defendant of her wish to remarry, and requested a modification of the original agreement. The supplemental agreement was prepared by defendant's attorneys and forwarded to plaintiff, who submitted it to her attorneys. These attorneys suggested certain changes, including continuance of the payments of the fixed sum of $50 per month for the support of each child while in the custody of plaintiff and the payment of $5,000 in addition to the monthly payments of $100. No changes were made. On April 6 plaintiff's mother at her request called defendant on the phone and stated that plaintiff planned on being married the following Saturday but would not marry unless defendant would sign the supplemental agreement, and asked defendant if he would sign the agreement if plaintiff signed it, then married and sent it back to him. Defendant promised to sign it. Plaintiff, being advised of this promise, was married April 8. She signed the agreement before her marriage and delivered it to defendant on April 14. Defendant signed it June 19. These facts show that the act which defendant now relies upon as extinguishing his liability under the original agreement, namely plaintiff's marriage, was induced by his promise. This was consideration. At the time that promise was made the agreement had been prepared by defendant's attorneys and was signed by the parties without modification. Defendant not only signed the contract after he knew of plaintiff's marriage, but for 17 months made payments thereunder.

Moreover, the contracts were under seal and therefore imported a consideration. In the case of *Whyte v. Rogers*, 303 Ill. App. 115, the court had under consideration an exclusive sales agreement given a real estate broker by a property owner. In a suit for commissions the owner interposed the defense of want of consideration for the agreement, and its revocation prior to performance. In rejecting this defense the Appellate Court (120, 121) said: "In speaking of a release of a cause of action under seal, our Supreme Court in *Woodbury v. United States Casualty Co.*, 284 Ill. 227 said: 'It is well settled in this State that in an action at law a release under seal by a person of his cause of action is a complete bar unless its execution is shown to have been obtained by fraud. Such a release carries with it the presumption that it was executed for a valuable consideration, and no evidence can be introduced for the purpose of showing that there was no consideration for the giving of the instrument. To do so would be to permit one to deny his receipt of the consideration expressed for the purpose of making void a sealed instrument, which under the law in this State is not permissible in any case. Before such an instrument can be impeached for fraud relating merely to the consideration and not to its execution, resort must be first had to a court of equity to set it aside for such fraud. (Citing cases.) The same rule does not apply, however, where the suit is on a simple contract or one not under seal.' "

Finding no error in the record, the judgment of the circuit court is affirmed.

*Affirmed.*

O'Connor, P. J., and Matchett, J., concur.